IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JARED HARRINGTON, | : | |
| | : | |
| Plaintiff, | : | CASE NO: |
| v. | : | |
| | : | |
| G4S SECURE SOLUTIONS (USA) INC., | : | |
| | : | |
| Defendant. | : | TRIAL BY JURY DEMANDED |

## COMPLAINT
## THE PARTIES

1. Plaintiff, Jared Harrington (hereinafter "Plaintiff"), is a resident of Elkton, Maryland. At all times relevant to this Complaint, Plaintiff was employed and worked in the State of Delaware.

2. Defendant, G4S Secure Solutions (USA) Inc. (hereinafter "Defendant"), is a general corporation headquartered and incorporated in the State of Florida, and doing business in the State of Delaware. Defendant's registered agent in the State of Delaware is The Prentice-Hall Corporation System, Inc., with an address of 251 Little Falls Drive, Wilmington, Delaware 19808.

## JURISDICTION

3. Plaintiff's claims arise under 42 U.S.C. § 12101, *et seq.*, the Americans with Disabilities Act of 1990 (hereinafter the "ADA"). As such, this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331.

## VENUE

4. The unlawful employment practices alleged herein were committed within the State of Delaware. Accordingly, venue lies in the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1391(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Prior to the filing of this action, on or about March 18, 2021, Plaintiff timely filed a Charge of Discrimination under ADA with the Delaware Department of Labor (hereinafter the "DDOL") and United States Equal Employment Opportunity Commission (hereinafter the "EEOC') against Defendant.

6. On or about May 17, 2021, the EEOC issued Plaintiff a Dismissal and Notice of Rights/Notice of Suit Rights. *EEOC Dismissal and Notice of Rights/Notice of Suit Rights* attached as Exhibit 1.

## FACTS

7. Plaintiff was initially hired by Defendant as a Critical Facility Officer (hereinafter "CFO") I in May 2017. As of 2019, Plaintiff was promoted to a CFO III, demonstrating and confirming his competence and skill as a security officer.

8. Plaintiff was diagnosed as suffering from Obsessive Compulsive Disorder (hereinafter "OCD") by Lisa R. Carchedi, M.D., a licensed psychiatrist (hereinafter "Dr. Carchedi").

9. Dr. Carchedi concluded that Plaintiff's OCD may manifest, among other ways, by "intrusive thoughts about germs along with rituals of hand washing … Jared is compelled to perform certain rituals. He would prefer not to do these. He would prefer 'just to stop' … ." *See Dr. Carchedi's February 18, 2021 letter* attached as Exhibit 2.

10. On or about December 24, 2020, Plaintiff began taking Prozac as prescribed by Dr. Carchedi to treat Plaintiff's OCD.

11. As a result of adverse reactions to Prozac, Plaintiff was compelled to call out from work on two (2) occasions subsequent to December 24, 2020/prior to February 10, 2021. Other than his grandmother's funeral, Plaintiff never previously called out from work while employed by Defendant.

12. Related to his work absences, Plaintiff was summoned to Captain Gonzales' office, where he met with Captain Gonzales and Sergeant Snyder.

13. Plaintiff advised both of his OCD diagnosis, accompanying prescription for Prozac and adverse reactions to such drug.

14. On or about February 10, 2021, Plaintiff again met with Captain Gonzales, who advised of complaints related to Plaintiff's bathroom use and his leaving of excessive soap residue., causing a possible liability issue.. Plaintiff was given a "final" written warning with respect to his employment. Plaintiff again informed of his OCD condition.

15. On or about February 16, 2021, Plaintiff met with Defendant's Defendant District Manager Yanique Gordon-Somers, who stated Plaintiff could not return to work until providing medical confirmation of his OCD.

16. Almost immediately after the February 16, 2021 meeting, Dr. Carchedi mailed Defendant a letter/Disability Certificate confirming his OCD diagnosis.

17. Dr. Carchedi's February 18, 2021 letter/Disability Certificate confirmed Plaintiff was improving "dramatically" with treatment, but that "he may require *reasonable accommodations* because of [his OCD]." See Exhibit 2.

18. On or about March 18, 2021, Defendant claimed not to have received Dr. Carchedi's Disability Certificate. Such Certificate was again submitted to Defendant, this time via facsimile transmission.

19. Plaintiff's Disability Certificate was sent for a third time to Defendant on April 15, 2021 by Ms. Katherine Sizelove of the Harford Crisis Center via email.

20. As of May 3, 2021, despite it being forwarded on three (3) separate occasions, Defendant still claimed they had not received Plaintiff's Disability Certificate. See Defendant's May 3, 2021 letter to Investigator David Cha, Delaware Department of Labor [sic], p. 3, attached as Exhibit 3.

21. Defendant has failed to engage in the mandatory interactive process after learning of Plaintiff's disability, and resulting behavior, to discuss providing reasonable accommodations.

22. Although Plaintiff has not worked/been permitted to return to work by Defendant since on or about February 16, 2021, Defendant has neither terminated him nor responded to informational inquiries from the Delaware Department of Labor, thereby jeopardizing his receipt of unemployment benefits.

23. Pursuant 19 Del. Code §734, Plaintiff requested that Defendant allow him the opportunity to view his personnel file.

24. Despite both a June 15, 2021 request by email and a June 19, 2021 request by certified mail, Defendant has failed to honor Plaintiff's request.

## COUNT I
## DISABILITY DISCRIMINATION

25. Plaintiff hereby incorporates by reference all previous paragraphs as though set forth in full herein.

26. Plaintiff is clearly disabled as defined under the ADA.

27. A "disability" is defined by the ADA as: "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1).

28. Plaintiff's OCD is a mental impairment which may manifest itself via physical behavior. This impairment affects multiple major life activities in both his personal and employment environments.

29. Furthermore, side effects of medication use also constitutes an impairment under the ADA. *See Sulima v. Tobyhanna Army Depot*, 602 F.3d 177 (3d Cir. 2010).

30. The ADA requires employers such as Defendant to provide reasonable accommodation(s) for a known disability of a qualified individual, unless doing so would impose an undue business hardship. *See* 42 U.S.C. § 12102, *et seq.* 12112(b) (5)(A). 42 U.S.C. § 12112(b) (5)(A).

31. Reasonable accommodations, including but not limited to the use of a dedicated bathroom and Plaintiff providing his own soap, were available to Defendant.

32. In the matter at bar, rather than attempt to accommodate Plaintiff, Defendant refused to permit his return to work, constructively firing him.

33. Defendant has not articulated any undue business hardships which would have been caused had accommodations been provided to Plaintiff.

34. Defendant's conduct clearly supports the premise and charge that Plaintiff was terminated directly due to his OCD condition and the consequences thereof.

35. Defendant's conduct is prohibited by the ADA.

## COUNT II
## VIOLATIONS OF 19 DEL. CODE §732 RIGHT TO INSPECT PERSONNEL FILES

36. Plaintiff hereby incorporates by reference all previous paragraphs as though set forth in full herein.

37. Plaintiff has requested that Defendant provide him with his personnel file, or alternatively the opportunity to view this file.  Despite multiple such requests, Defendant has failed to respond to Plaintiff's requests.

38. 19 *Del. C.* § 732 mandates that an employer, upon request of an employee, permit such employee to inspect her/his personnel file.

39. As Plaintiff has not been terminated by Defendant, he is considered an "employee" pursuant to 19 *Del. C.* § 732.

40. 19 *Del. C.* § 735 (a) confirms that any employer who fails to provide an employee with access to her/his personnel file is in violation of Delaware law and subject to civil penalty **for each violation**.  [Emphasis added.]

41. Defendant has failed to respond to multiple inquiries from the Delaware Department of Labor concerning Plaintiff's employment status.

42. 19 *Del. C.* § 735(b) confirms that any employer who discharges or in any way discriminates against an employee because that made a complaint is in violation of Delaware law and subject to civil penalty **for each violation**. [Emphasis added.]

43. Defendant's conduct involving and toward Plaintiff has constituted unfair employment practices pursuant to 19 *Del. C.* § 730, *et seq.*, and is subject to civil penalties.

## COUNT III
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

44. Plaintiff hereby incorporates by reference all previous paragraphs as though set forth in full herein.

45. Every employment contract in Delaware includes an implied covenant of good faith and fair dealing. *See E.I. DuPont de Nemours & Co. v. Pressman*, 679 A.2d 436 (Del. 1996).

46. Such implied covenant is breached when an employer's termination either violates public policy or utilizes fraud, deceit or misrepresentation to manipulate the record to create fictitious grounds to terminate employment. *See Bailey v. City of Wilmington*, 766 A.2d 477 (Del. 2001).

47. Although Defendant has not to date formally fired Plaintiff, its actions have served as a *de facto* termination and been in violation of Delaware's implied covenant of good faith and fair dealing.

**WHEREFORE**, Plaintiff Jared Harrington requests this Honorable Court enter a judgment in his favor and against Defendant G4S Secure Solutions (USA) Inc. as follows:

a. Declare the conduct engaged in by Defendant to be in violation of

Plaintiff's statutory rights.

      b.      Order Plaintiff's rehiring at employment and pay levels commensurate with his experience and expertise or, in lieu thereof, grant Plaintiff front/forward pay to compensate him for the pecuniary losses he will suffer as a result of Defendant's wrongful conduct.

      c.      Award Plaintiff back pay compensation for the pecuniary losses he has suffered since and as a result of Defendant's wrongful conduct as described herein, until the date of any judgment.

      d.      Award Plaintiff sufficient funds to compensate him for all losses, including but not limited to pain and mental suffering, which cannot otherwise be compensated by equitable relief.

      e.      Award Plaintiff compensatory damages such as front/forward pay and punitive damages not otherwise specified.

      f.      Award Plaintiff any and all other liquidated damages which would make him "whole".

      g.      Award Plaintiff attorney fees, the costs of this action, and pre-judgment and post-judgment interest.

      h.      Such other and further relief as this Honorable Court deems just and proper.

**THE POLIQUIN FIRM, LLC**

<u>/s/ Ronald G. Poliquin, Esquire</u>
Ronald G. Poliquin, Esquire
DE Bar I.D. No. 4447
1475 S. Governor's Avenue
Dover, DE 19904
(302) 702-5501
Attorney for Plaintiff Jared Harrington

Dated: August 12, 2021